## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH
## CIVIL ACTION NO. 5:05CV-P82-R

**LEE ROY PARTIN**                                                                                    **PLAINTIFF**

v.

**CLIFF GILL,** *et al.*                                                                              **DEFENDANTS**

### OPINION

The plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983"). The complaint is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). Because the plaintiff failed to establish exhaustion of his administrative remedies, the court will dismiss his civil action without prejudice.

### I. SUMMARY OF CLAIMS

The plaintiff, Lee Roy Partin, is a pretrial detainee incarcerated at the McCracken Jail. He brings official capacity claims in which he seeks money damages against the following jail employees: Jailer Cliff Gill, Dr. John Cecil, Officer Richard Sledd, and Supervisor Gary Sanderson. The plaintiff asserts five separate claims.

First, the plaintiff claims that the defendants have been deliberately indifferent to his serious medical needs in violation of the Fourteenth Amendment because they have not provided him with much needed medication for the treatment of diabetes, arthritis, acid reflux, high blood pressure, and a hiatal hernia. They also allegedly failed to treat open knee wounds. Second, he claims that they failed to protect him from another inmate, who attacked him. The plaintiff alleges that the assailant, a paranoid schizophrenic, should not have been in general population because of his aberrant behavior and that the jail's officials were aware of this fact. Third, he claims that he has been wrongly deprived of his personal property. Fourth, he claims that he

was improperly interrogated. Finally, he complains that he has been denied access to the law library which has interfered with his ability to prepare for his criminal trial.

## II. ANALYSIS

In reviewing the plaintiff's claims, the court begins first with determining whether he complied with the exhaustion requirement codified at 42 U.S.C. § 1997e. Section 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title [*i.e.*, 42], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." A prisoner is required to exhaust all available administrative remedies prior to instituting an action under § 1983 or any other federal law. *Baxter v. Rose,* 305 F.3d 486, 488 (6th Cir. 2002); *Brown v. Toombs* 139 F.3d 1102 (6th Cir. 1998).

To establish exhaustion, a prisoner must allege and show that all available remedies have been exhausted and attach documentation demonstrating the administrative disposition of his claims. *Brown v. Toombs* 139 F.3d 1102, 1104 (6th Cir. 1998). Should the prisoner not have the documentation to demonstrate exhaustion, he must describe with specificity the administrative proceeding and its outcome. *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert denied*, 531 U.S. 1040 (2000). And, he must demonstrate complete exhaustion of all claims against all defendants named in his complaint. *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

Though the plaintiff indicated he filed grievances, he did not attach copies of his grievances or describe with specificity the grievances he filed and against whom he filed them. It appears that he did file a grievance with respect to not receiving his medication. He did not indicate against whom he filed the grievance. Msoreover, he did not file grievances with respect

to the other claims. The court has no choice but dismiss his complaint for failure to exhaust his administrative remedies.

By dismissing the plaintiff's claims, the court is making no judgment as to the ultimate merit of his claims. If after exhausting his grievances with respect to each defendant he seeks to sue and each claim he seeks to present, he may file a new civil rights action. The court also reminds the plaintiff of the difference between "individual" or "official" capacities claims. To illustrate the difference, when a plaintiff sues someone in his/her "individual capacity" for money damages, he is asking the court to make that person pay money from his/her own funds because of something he/she did or did not do that violated a plaintiff's constitutional rights. By contrast, when a plaintiff sues someone in an "official capacity" for monetary relief, even though the person is named in the action, the law views the claim as being brought only against the person's employer, which is usually a city, county or state. Thus, when a plaintiff sues someone in his/her "official capacity," he is asking the court to make a city, county or state pay him/her money because the city, county or state caused the constitutional violation. A plaintiff may sue someone in one capacity or both.

The court will enter an order consistent with this opinion.

Date:

cc:     Plaintiff *pro se*
        Defendants
        4413.002

3